ALFRED W. BOOTH & BRO. (A CORPORATION), APPELLANT, v. JACOB GLASSER AND SAUL HARRIS, BUILDERS AND OWNERS, AND HARRIET LAZARUS, MORTGAGEE, RESPONDENTS.

Submitted December 7, 1916—Decided February 16, 1917.

In an action brought in a District Court to enforce a mechanics' lien claim, it is not necessary that a return day be named in the summons. The amendment of the act relating to the enforcement of mechanics' lien claims (*Pamph. L.* 1912, *p.* 470) provides the required form to be used in District as well as Circuit courts in cases brought under that act, and it was error for a District Court to dismiss such a suit for want of a return day in the summons.

On appeal from the Bayonne District Court.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Randolph Perkins*.

For the respondents, *Lazarus & Brenner*.

The opinion of the court was delivered by

BERGEN, J. The appellant filed a mechanics' lien claim in the office of the clerk of the county of Hudson and brought its suit to enforce it in the District Court of the city of Bayonne.

The defendant moved to dismiss the action for two reasons —*first,* "that the return day does not appear on the summons served;" *second,* "more than fifteen days has intervened between the date of the summons and the return day." The trial court granted the motion and entered a judgment dismissing the suit from which the plaintiff has appealed to this court. The question to be determined is whether section 23 of "An act to secure to mechanics and others payment for their labor and materials in erecting any building (Revision of 1898)," as amended in 1912 (*Pamph. L., p.* 470), authorizes a summons without naming a return day in actions brought in a District Court for the enforcement of a debt for which a lien is given for labor or materials furnished in erecting a building. This statute enacts, among other things, that "when the suit is brought in a District Court the practice shall be as nearly as possible the same as now provided, or may be hereafter provided, by law, in District Courts in actions on contract." The act further provides that all suits shall be commenced by summons similar in form to that set out in the statute, which in express terms provides a form for use either in the Circuit or District Court, "as the case may be," and differs from the form required in actions on contract in the District Court, in that no return day is required, but defendant is to answer within twenty days after service of the summons with complaint annexed. The defendant argues that the amendment was not intended to change the District Court act, which provides that a summons "shall specify a certain time not less than five nor more than fifteen days from the date of such process." This contention is clearly unsound in law.

The only statute which confers on District Courts jurisdiction to entertain a suit to enforce a mechanics' lien, is that to be found in section 23 above mentioned, and that section, while declaring that the practice in District Courts in such cases shall be as nearly as possible the same as that provided for actions on contract in that court, further enacts that the summons shall be in form that is expressly set out in the act, and where a statute confers jurisdiction, and at the same time prescribes the form of summons to be used in enforcing claims under that jurisdiction, the entire act must be accepted as to the manner in which such jurisdiction shall be exercised. The ordinary action on contract differs from a suit to enforce a statutory lien, and the legislature in conferring jurisdiction has the right to prescribe the method in which it shall be exercised, and it has done so in this case. The summons used in this case conformed to the express terms of the statute conferring jurisdiction, and it was error to dismiss the suit for the reasons upon which such judgment was based.

The judgment appealed from will be reversed.